**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **vs.** | ) | **CASE NO.  1:14-CR-0081-SLB-JHE** |
| | ) | |
| **JARVIS LAMAR MIMS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION**

Defendant Jarvis Lamar Mims has asked the court to set aside his conviction based on the recent Supreme Court case *Rehaif v. United States*, 139 S. Ct. 2191 (2019).  (Doc. 39.) Mims has previously filed a § 2255 Motion to Vacate attacking his conviction and sentence.  (*See* doc. 38.)

Section 2244(a) states, "No . . . district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255." 28 U.S.C. § 2244(a).  Section 2255(h) states:

> A second or successive motion ***must*** be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> > (1)  newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h)(emphasis added). "Before a second or successive application permitted by [§ 2244] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *Id*. (b)(3)(A). "[Section] 2244(a) applies to any petition for habeas relief attacking the legality of the same detention, and § 2244(b)(3) requires that the petitioner obtain permission from the court of appeals before filing any second or successive petition attacking the same detention." *McKinney v. Warden, FCC Coleman-Medium,* 870 F. Supp. 2d 1351, 1354 (M.D. Fla. 2012)(citing *Darby v. Hawk-Sawyer*, 405 F.3d 942 (11th Cir.2005)), *aff'd*, 562 Fed. Appx. 917 (11th Cir. 2014). "Without authorization, the district court lacks jurisdiction to consider a second or successive petition."[1]  *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005)(citing *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003)).

Therefore, Mims must receive permission to file a second or successive Motion to Vacate before this court has jurisdiction to consider such Motion. *See* 28 U.S.C. § 2255(h). The court deems Mims's request to set aside his conviction a second and successive Motion to Vacate. Nothing in this Motion indicates that he has permission from the Eleventh Circuit

---

[1]"[The] absence of jurisdiction altogether deprives a federal court of the power to adjudicate the rights of the parties." *Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005)(citing *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 94 (1998)).

to proceed. Therefore, this court is without jurisdiction to consider his request, which will
be denied.

## CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing § 2255 Proceedings, provides, "The district court
must issue or deny a certificate of appealability when it enters a final order adverse to the
applicant." The applicant for § 2255 relief "cannot take an appeal unless a circuit justice or
a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)."
Fed. R. App. P. 22(b)(1). And, the "certificate of appealability may issue . . . *only* if the
applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.
§ 2253(c)(2)(emphasis added). To make a substantial showing of the denial of a
constitutional right, the applicant must show "that reasonable jurists could debate whether
(or, for that matter, agree that) the petition should have been resolved in a different manner
or that the issues presented were adequate to deserve encouragement to proceed further."
*Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003)(citations and internal quotations omitted).

The court lacks jurisdiction to decide Mims's Motion to Vacate without authorization
from the Eleventh Circuit Court of Appeals. Reasonable jurists could not disagree.
Therefore, issuance of a certificate of appealability is not warranted in this case.

**DONE** this 16th day of December, 2019.

Sharon Lovelace Blackburn
_____
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE